UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**LANCE ESCOURSE,**

    **Plaintiff,**

v.                                      Case No.

**GEICO GENERAL INSURANCE COMPANY,**

    **Defendant.**

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, **Lance Escourse** ("Plaintiff"), by and through the undersigned counsel, hereby files this complaint against Defendant, **GEICO General Insurance Company** ("Defendant"), and alleges as follows:

**JURISDICTION AND VENUE**

1. This is an action for damages and for declaratory relief, for violations of Title VII of the Civil Rights Act ("Title VII"), the Florida Civil Rights Act ("FCRA") Fla. Stat. §760.01 *et seq.*, the Americans with Disabilities Act of 1990, as amended ("ADA", 42 U.S.C. §12101 *et seq.*), and 29 USC §2601 *et seq.*, known as the Family and Medical Leave Act of 1993 ("FMLA")..

2. This court has subject matter jurisdiction under 28 U.S.C. § 1331, and 42 U.S.C. § 2000e et seq.,

3. Venue is proper in the Middle District of Florida, because the events giving rise to this claim arose in Polk County, which lies within the Middle District of Florida.

**PARTIES**

4. Plaintiff is a resident of the State of Florida.

5. Defendant is authorized and doing business in the State of Florida.

## GENERAL ALLEGATIONS

6. Plaintiff has satisfied all conditions precedent.

7. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8. Plaintiff requests a jury trial for all issues so triable.

9. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of Title VII, the FCRA, the ADA, and the FMLA.

10. At all times material hereto, Defendant was an "employer" within meaning of Title VII, the FCRA, the ADA, and the FMLA.

11. At all times material hereto, Plaintiff was a protected employee under the FMLA.

12. At all times material hereto, Plaintiff worked at least 1,250 hours within the last year of his employment.

13. At all times material hereto, Defendant was a covered employer under the FMLA, who met the requisite 50 employee threshold at Plaintiff's workplace.

14. At all times material, Defendant acted with malice and with reckless disregard for Plaintiff's protected rights.

## FACTS

15. Plaintiff worked for the Defendant from on or around June 07, 2017, until his unlawful termination on or around January 30, 2025.

16. At the time of his termination, Plaintiff held the position of Medical Claims Examiner.

17. Plaintiff is a Black male, as Defendant is aware.

18. Plaintiff was a diligent and hardworking employee who was qualified for his position, as evidenced by his long tenure.

19. At all times relevant, Plaintiff suffered from a mental and/or physical impairment that substantially limited one or more of his major activities.

20. At all times during his employment, Plaintiff could perform the essential functions of his position with or without accommodation.

21. During his tenure, Plaintiff suffered from a serious health condition, as defined by the FMLA.

22. Plaintiff was eligible to take protected leave under the FMLA.

23. Plaintiff was treated in a disparate manner than his similarly situated colleagues due to his race.

24. Plaintiff was treated in a disparate manner than his similarly situated colleagues due to his disability.

25. In late 2024, Plaintiff complained about race discrimination to Defendant.

26. Defendant failed to take any remedial action in response to Plaintiff's protected activity.

27. Plaintiff requested medical accommodations in the workplace.

28. Plaintiff's requests were reasonable and did not pose an undue hardship on the business.

29. Plaintiff requested a brief leave of absence as an accommodation for his disability and serious health condition.

30. Plaintiff applied for and was approved to take FMLA leave.

31. Plaintiff took FMLA to treat his serious health condition in December 2024.

32. Plaintiff again went out on FMLA leave and underwent surgery on or about January 7, 2025.

33. Although Plaintiff was approved to be out on FMLA leave for one month, Defendant pressured Plaintiff to return to work earlier.

34. Almost immediately after Plaintiff's use of FMLA leave, Defendant terminated his employment.

35. Plaintiff was still eligible to take FMLA leave at the time of his termination.

36. Defendant terminated Plaintiff in direct retaliation to his use of FMLA leave.

37. Defendant interfered with Plaintiff's rights under the FMLA.

38. Defendant chose to take adverse employment action against Plaintiff by retaliating against him for engaging in protected activity under Title VII, the FCRA, the ADA, and the FMLA.

39. Defendant's actions were willful and done with a reckless disregard for Plaintiff's rights under Title VII, the FCRA, the ADA, and the FMLA.

40. Defendant's reason for terminating Plaintiff is pretext.

### **COUNT I – FCRA VIOLATION (RACE DISCRIMINATION)**

41. Plaintiff re-alleges and readopts the allegations of paragraphs 1 through 40 of this Complaint as though fully set forth herein.

42. Plaintiff is a member of a protected class under the FCRA because of his race.

43. Plaintiff was subjected to disparate treatment due to his race.

44. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

45. Plaintiff was injured due to Defendant' willful violations of the FCRA, to which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff, requests that this Court:

(a) Enter a judgment that Defendant retaliated against Plaintiff because Plaintiff exercised or attempted to exercise Plaintiff's rights under the FCRA;

(b) Enjoin and permanently restrain Defendant from further violations of the FCRA;

(c) Award back pay to Plaintiff plus interest and all benefits;

(d) Award liquidated damages to Plaintiff;

(e) Award reasonable attorney's fees and costs to Plaintiff; and

(f) Additional relief to which Plaintiff is entitled, including equitable relief.

## COUNT II – FCRA VIOLATION (DISABILITY DISCRIMINATION)

46. Plaintiff re-alleges and readopts the allegations of paragraphs 1 through 40 of this Complaint as though fully set forth herein.

47. Plaintiff is a member of a protected class under the FCRA because of his disability.

48. Plaintiff was subjected to disparate treatment due to his disability.

49. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

50. Plaintiff was injured due to Defendant' willful violations of the FCRA, to which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff, requests that this Court:

(a) Enter a judgment that Defendant retaliated against Plaintiff because Plaintiff exercised or attempted to exercise Plaintiff's rights under the FCRA;

    (b)    Enjoin and permanently restrain Defendant from further violations of the FCRA;

    (c)    Award back pay to Plaintiff plus interest and all benefits;

    (d)    Award liquidated damages to Plaintiff;

    (e)    Award reasonable attorney's fees and costs to Plaintiff; and

    (f)    Additional relief to which Plaintiff is entitled, including equitable relief.

## **COUNT III – FCRA RETALIATION**

51. Plaintiff re-alleges and readopts the allegations of paragraphs 1 through 40 of this Complaint as though fully set forth herein.

52. Plaintiff is a member of a protected class under the FCRA due to his race and disability.

53. Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA by terminating Plaintiff's employment.

54. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

55. Plaintiff was injured due to Defendant' willful violations of the FCRA, to which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff, requests that this Court:

    (a)    Enter a judgment that Defendant retaliated against Plaintiff because Plaintiff exercised or attempted to exercise Plaintiff's rights under the FCRA;

    (b)    Enjoin and permanently restrain Defendant from further violations of the FCRA;

  (c) Award back pay to Plaintiff plus interest and all benefits;

  (d) Award liquidated damages to Plaintiff;

  (e) Award reasonable attorney's fees and costs to Plaintiff; and

  (f) Additional relief to which Plaintiff is entitled, including equitable relief.

## **COUNT IV — TITLE VII VIOLATION (RACE DISCRIMINATION)**

56. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1 through 40 of this Complaint as though fully set forth herein.

57. Plaintiff is a member of a protected class based on Plaintiff's race.

58. Plaintiff was subjected to disparate treatment by Defendant based on Plaintiff's race, including being subjected to less favorable terms, conditions and privileges of employment as non-Black employees, and discharged from his employment.

59. Defendant's actions were willful and done with malice.

60. Plaintiff was injured due to Defendant's violations of Title VII, to which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

  (a) A jury trial on all issues so triable;

  (b) That process issues and that this Court take jurisdiction over the case;

  (c) An injunction restraining continued violation of law enumerated herein;

  (d) Compensation for lost wages, benefits, and other remuneration;

  (e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

  (f) Compensatory damages, including emotional distress, allowable at law;

  (g) Punitive damages;

 (h)  Prejudgment interest on all monetary recovery obtained;

 (i)  All costs and attorney's fees incurred in prosecuting these claims; and

 (j)  For such further relief as the Court deems just and equitable.

## COUNT V—TITLE VII VIOLATION
### (RETALIATION)

61. Plaintiff re-alleges and re-adopts paragraphs 1 through 40 of this Complaint as if fully set forth herein.

62. The foregoing actions of Defendant constitute retaliation against Plaintiff based upon Plaintiff's protected activities in violation of Title VII.

63. Defendant's actions were willful and done with malice.

64. The retaliation described herein was based on Plaintiff's exercise of rights protected by law to resist and oppose unlawful discrimination and/or harassment.

65. Plaintiff was injured due to Defendant's violations of Title VII, including but not limited to losing his job, to which Plaintiff is entitled to legal and injunctive relief.

66. Plaintiff is entitled to legal and injunctive relief as a result of Defendant's actions.

 **WHEREFORE**, Plaintiff demands:

 (a)  An injunction restraining continued violation of Title VII;

 (b)  Compensation for lost wages, benefits, and other remuneration;

 (c)  Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

 (d)  Compensatory damages, including emotional distress, allowable at law;

 (e)  Punitive damages;

 (f)  Prejudgment interest on all monetary recovery obtained;

 (g)  All costs and attorney's fees incurred in prosecuting these claims; and

(h) For such further relief as the Court deems just and equitable.

## COUNT VI —ADA VIOLATION
### (DISCRIMINATION)

67. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1 through 40 of this Complaint as though fully set forth herein.

68. Plaintiff is a member of a protected class under the ADA.

69. Plaintiff was subjected to disparate treatment.

70. Defendant knew or should have known of the disparate treatment suffered by Plaintiff, and failed to intervene or to take prompt and effective remedial action in response.

71. Defendant's actions were willful and done with malice.

72. Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issues and that this Court take jurisdiction over the case;

(c) An injunction restraining continued violation of law enumerated herein;

(d) Compensation for lost wages, benefits, and other remuneration;

(e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

(f) Compensatory damages, including emotional distress, allowable at law;

(g) Punitive damages;

(h) Prejudgment interest on all monetary recovery obtained;

(i) All costs and attorney's fees incurred in prosecuting these claims; and

(j) For such further relief as the Court deems just and equitable.

...

## COUNT VII — ADA RETALIATION

73. Plaintiff realleges and readopts the allegations of paragraphs 1 through 40 of this Complaint, as though fully set forth herein.

74. Plaintiff is a member of a protected class under the ADA.

75. Plaintiff exercised or attempted to exercise her rights under the ADA, thereby engaging in protected activity under the ADA.

76. Defendant retaliated against Plaintiff for engaging in protected activity under the ADA by terminating her employment.

77. Defendant has taken material adverse action against Plaintiff.

78. Defendant's actions were willful and done with malice.

79. Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

(c) That this Court enter a declaratory judgment against Defendant, stating that Defendant interfered with Plaintiff's rights under the ADA;

(d) Compensation for lost wages, benefits, and other remuneration;

(e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, and all benefits;

(f) Front pay;

(g) Any other compensatory damages, including emotional distress, allowable at law;

(h) Punitive damages;

(i) Prejudgment interest on all monetary recovery obtained.

(j) All costs and attorney's fees incurred in prosecuting these claims; and

(k) For such further relief as this Court deems just and equitable.

## COUNT VIII – FMLA INTERFERENCE

80. Plaintiff realleges and readopts the allegations of paragraphs 1 through 40 of this Complaint as though fully set forth herein.

81. Plaintiff was eligible for FMLA.

82. Defendant is a covered employer as defined by the FMLA.

83. Plaintiff attempted to take leave for a serious health condition under the FMLA.

84. Defendant interfered with, restrained, or denied Plaintiff the exercise of or the attempt to exercise Plaintiff's FMLA rights, including, denying to reinstate full benefits and conditions of his/her employment and terminating Plaintiff's employment.

85. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

86. Plaintiff was injured due to Defendant's willful violations of the FMLA, to which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff, requests that this arbiter:

(a) Enter a judgment that Defendant's interference of Plaintiff's rights was in violation of the FMLA;

(b) Enjoin and permanently restrain Defendant from further violations of the FMLA;

  (c)  Direct Defendant to reinstate Plaintiff with full seniority to an equivalent position with back pay plus interest, pension rights and all benefits or, in the alternative, enter a judgment pursuant to 29 U.S.C. §2617(a)(1)(A)(i)(II) against Defendant and in favor of Plaintiff for the monetary losses Plaintiff suffered as a direct result of Defendant's violation of the FMLA;

  (d)  Award front pay to Plaintiff;

  (e)  Award liquidated damages to Plaintiff;

  (f)  Award reasonable attorney's fees and costs to Plaintiff; and

  (g)  Additional relief to which Plaintiff is entitled, including equitable relief.

## COUNT IX - FMLA RETALIATION

87. Plaintiff re-alleges and readopts the allegations of paragraphs 1 through 40 of this Complaint as though fully set forth herein.

88. Plaintiff exercised or attempted to exercise his rights under the FMLA.

89. Defendant retaliated against Plaintiff for exercising or attempting to exercise Plaintiff's FMLA rights by terminating Plaintiff.

90. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

91. Plaintiff was injured due to Defendant' willful violations of the FMLA, to which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff, requests that this arbiter:

  (a)  Enter a judgment that Defendant retaliated against Plaintiff because Plaintiff exercised or attempted to exercise Plaintiff's rights under the FMLA;

(b) Enjoin and permanently restrain Defendant from further violations of the FMLA;

(c) Award back pay to Plaintiff plus interest and all benefits;

(d) Award liquidated damages to Plaintiff;

(e) Award reasonable attorney's fees and costs to Plaintiff; and

(f) Additional relief to which Plaintiff is entitled, including equitable relief.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues.

Dated this 16th day of September 2025.

Respectfully submitted,

*s/ Samuel Doxsee*
**SAMUEL DOXSEE**
Florida Bar Number: 127318
**CHAD A. JUSTICE**
Florida Bar Number: 121559
**JUSTICE LITIGATION ASSOCIATES, PLLC**
1205 N Franklin St
Suite 326
Tampa, Florida 33602
Direct No. 813-566-0550
Facsimile: 813-566-0770
E-mail: sam@justicelitigation.law
E-mail: chad@justicelitigation.law
**Attorneys for Plaintiff**